UNITED STATED DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Michael J. Young, | ) | Civil Action No. 9:22-cv-02249-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Opinion and Order Granting Plaintiff's** |
| v. | ) | **Motion to Remand** |
| | ) | |
| Bryan P. Stirling, Dennis R. Patterson, Tanesha Nicole Boyd, South Carolina Department of Corrections, and Joel Anderson, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Molly H. Cherry (Report), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 22.] In her Report, the Magistrate Judge recommends granting Plaintiff's Motion to Remand, ECF No. 9, and remanding this action to state court without an award of fees or costs. [ECF No. 22 at 9.] Attached to the Report was a Notice of Right to File Objections, which advised the parties of their right to file specific written objections to the Report within 14 days of the date of service. *Id*. at 10. Defendants timely filed their Objection, ECF No. 28, to which Plaintiff then filed a Reply, ECF No. 32. This matter is ripe for ruling.

**FACTUAL BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law on this matter. *See* [ECF No. 22.] This court incorporates those facts and standards without a recitation.[1]

---

[1] Plaintiff did not specifically object to the Magistrate Judge's recitation of the factual background or legal standards.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination only of those portions of the report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). Without any objections, the court need not provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## ANALYSIS

The Magistrate Judge finds the Notice of Removal, ECF No. 1, is defective because Defendants failed to unambiguously represent Defendant Anderson consented to the removal, nor did Defendant Anderson timely join in the removal or otherwise indicate his consent, and Plaintiff

did not waive the deficiency. [ECF No. 22 at 7.] Rather than challenge these findings, Defendants now raise a new argument[2] and object to the Magistrate Judge's recommendation on the ground Defendant Anderson's consent was unnecessary because he is a nominal party. [ECF No. 28 at 2.] Plaintiff argues even if Defendant Anderson is a nominal party, the Notice of Removal is still defective because it fails to explain his absence from the notice. [ECF No. 38 at 1.]

A nominal party need not consent to removal. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 763 F.3d 255, 262 (2013). Just because a party's consent is not required, however, does not mean the Notice of Removal may omit any mention of that party. If a co-defendant has not joined in a removal petition, the removing defendants must explain the absence of a co-defendant from the petition for removal. *P-Nut Carter's Fireworks, Inc., v. Carey*, 685 F. Supp. 952, 952 (1988). Failure to give a reason why a co-defendant is not included in a removal petition renders the petition defective. *Id*.

Defendants' argument that Defendant Anderson is a nominal party cannot sustain an objection to the Report. Defendant Anderson is one of five defendants in this case. [ECF No. 22 at 1.] Defendants Stirling, Patterson, and SCDC filed the Notice of Removal, which unambiguously represented that Defendant Boyd "consented to this removal." *Id.* at 2. Yet the Notice did not mention Defendant Anderson at all, not that he consented to removal nor that he was a nominal party whose consent was not required. *Id*. The Notice of Removal's omission of Defendant Anderson renders it defective regardless of whether he is a nominal defendant. *See P-Nut Carter's Fireworks, Inc.*, 685 F. Supp. at 952.

---

[2] Because this court reviews the Report de novo, the court will consider this argument although it was not raised before the Magistrate Judge. *See United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court, adopts the Report, ECF No. 22, and incorporates it by reference . The court finds Defendants' Notice of Removal, ECF No. 1, is defective. Plaintiff's Motion to Remand, ECF No. 9, is **GRANTED**, and this matter is **REMANDED** to the Lee County Court of Common Pleas without an award of fees or costs.

**IT IS SO ORDERED.**

February 14, 2023
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge